## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

KYLE ANDERSON,
MICHAEL ROBINSON,
TALENTSY LLC

     *Plaintiffs*,                                CASE NO.:

*vs*.

TALENTSY, INC.,
JAKE WILLIAM JONES,
SAMAI PHONG JONES

     *Defendants*.

_____/

## COMPLAINT

The Plaintiffs, KYLE ANDERSON ("Plaintiff Anderson") MICHAEL ROBINSON ("Plaintiff Robinson"), and TALENTSY LLC, hereby sue Defendants TALENTSY, INC., JAKE JONES, SAMAI PHONG JONES, and in support thereof state as follows:

### NATURE OF THE CASE AND PARTIES

1.  This case is founded upon the Defendants actions to squeeze Plaintiffs from their ownership interests in the Parties' jointly created YouTube content business, Talentsy LLC, a Florida limited liability company, by diverting the jointly created business into a substantially similar YouTube content business that would exclude Plaintiffs' participation or ownership interests in the same. The Defendants' motivation for diverting the Plaintiffs' ownership interests from the Parties' Florida based YouTube content business was obvious.  By diverting the Plaintiffs' ownership interests, the Defendants would claim that Plaintiffs were not entitled to

Case No.

share in the profits of the Defendants' mirror image YouTube content business that would generate seven figure revenues for the Defendants.

2.   The Defendants acquired full ownership interests of their current YouTube content business(es) by creating a new business entity intended to squeeze out other original founding members, the Plaintiffs, from their ownership interests after a pivotal contract signing with Google/YouTube. The Defendants used the "brand" of the original Florida company formed in agreement by all parties, Talentsy LLC, to solicit Soham Patel, an employee within Google/YouTube, to initiate a business relationship relating to monetizing content for Talentsy LLC's clients on YouTube's website. The Defendants intended to sign this contract meant for Talentsy LLC via their newly registered company, identically named Talentsy except with the slight but material adjustment that Defendants secretly registered in the new Talentsy company in Delaware as Talentsy, Inc.

3.   Plaintiff Anderson's immediate role was typical of any integral co-founder at a fresh startup, which included, but was not limited to: publishing a website, coordinating with potential investor(s), registering the legal business entity, opening banking accounts and payment processing accounts, and building relationships with relevant companies in the industry to create the "product" that the company could offer. This business venture was started upon the basis of equal ownership interest in the company between Plaintiff Anderson and Defendant Jones.

4.   Plaintiff Robinson invested $20,000 for a 5% equity stake in the Multi-Channel Network, based on the experience that Plaintiff Anderson and Defendant Jones held in the YouTube industry and the business model presented. The allure of this company included a $400,000 valuation at inception by Defendant Robinson, without a product ready to sell, and was founded

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

upon the gamble that Talentsy LLC would become a Multi-Channel Network on YouTube in the future.

5.   According to YouTube's official Help Center[1], "Multi-Channel Networks ("MCNs" or "networks") are third-party service providers that affiliate with multiple YouTube channels to offer services that may include audience development, content programming, creator collaborations, digital rights management, monetization, and/or sales."

6.   In common terms, networks have the ability to "partner", or form business relationships with individual YouTube content creators and earn revenue from their videos via profit sharing agreements, sponsorships (ads physically mentioned in-video by the creator) merchandise, and more, without the network needing to produce its own published content.

7.   Defendant Jones ultimately used Plaintiff Anderson's industry-specific expertise and the trust gained over 5 years of friendship, along with Plaintiff Robinson's financial investment, in order to successfully procure a YouTube partnership contract for the Defendants and methodically execute a plan that excluded Plaintiffs from the business opportunity once YouTube sent Defendant Jake Jones the YouTube partnership contract. This malicious action of switching the party to the YouTube contract to be Talentsy Inc., as opposed to Talentsy LLC, allowed Defendant Jake Jones and his wife, Defendant Samai Jones, to become the only benefactors of the company, which could not otherwise have been created without Plaintiffs, a YouTube Multi-Channel Network known as "Talentsy".

---

[1] https://support.google.com/youtube/answer/2737059?hl=en

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

8.   Upon information and belief, Plaintiff Robinson's investment was largely utilized by the Defendants to pay for living expenses such as the Defendants' California apartment. Payments out of the investment were received by Defendant Samai Phong Jones.

9.   The month following Defendant Jake Jones' receipt of Google/YouTube's partnership agreement, Defendant Jake Jones exclaimed that he needed to "put a pin in having you [Plaintiff Anderson] at Talentsy," as if Defendant Jake Jones was the sole authority of the company and not apart of a partnership effort. Defendant Jake Jones made these remarks to Plaintiff Anderson within one month of Defendant Jake Jones signing the YouTube partnership contract meant for Talentsy LLC.

10. This series of events afforded the Defendants the opportunity to use the funds from this ill-gotten business to purchase a house in October of 2019 for $365,000, according to public record of the Defendants' address.[2]

11. After the Defendants wrongful acts outlined in this action, Talentsy has achieved significant financial success and the Plaintiffs have been excluded from any financial rewards despite their prior investments and agreements with Defendants to participate in the company. In a 2019 Talentsy staff email composed by Defendant Jones[3], received by Non-Party Matt Hamed, Defendant Jones exclaimed to staff that Talentsy grossed "$6-million USD in ad revenue" and "$600,000 USD company profits (with most being re-invested for a bigger and better 2020.)"

---

[2]Hubbard County Property Records -
https://gis.co.hubbard.mn.us/link/reports/phpReports/publicreportproperty.php?featureid=275600600
[3] Exhibit 28

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

## BACKGROUND AND HISTORY TO TALENTSY'S FORMATION

12. Plaintiff Anderson and Defendant Jones share a lengthy background together in the YouTube Multi-Channel Network industry, dating back to 2012 when they met working at their first MCN together.

13. Mr. Anderson and Mr. Jones worked at two YouTube Multi-Channel Networks together, herein referred to as "NETWORK A" and "NETWORK B", before ultimately agreeing to create a YouTube-oriented company themselves as equal partners, originally registered as TALENTSY LLC by Plaintiff Anderson in the state of Florida in 2017.

14. Mr. Anderson worked at NETWORK A with Mr. Jones between February 2012 and May 2013. This is when the YouTube network industry was relatively new and networks were making more than generous profit shares. Mr. Jones continued to work at NETWORK A for some time after Mr. Anderson's departure.

15. Mr. Anderson and Mr. Jones continued to stay in close contact, and ultimately decided to work at a new start-up YouTube network together, NETWORK B. Mr. Anderson and Mr. Jones worked at NETWORK B together between September 2014 and December 2015.

16. The nature of this work started out as online sales and recruitment. The job was to find ("scout") and reach out to individuals who uploaded videos on YouTube ("content creators") with a sales pitch on why they should join the network Plaintiff Anderson and Defendant Jake Jones represented. This would enable the network the duo worked for to earn ad revenue via Google AdSense from the content creator's videos, which allowed the network to distribute advertisement revenue to the content creator according to their contract.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

17. According to Google's official Help Center[4], "Google AdSense provides a way for publishers to earn money from their online content. AdSense works by matching ads to your site based on your content and visitors. The ads are created and paid for by advertisers who want to promote their products. Since these advertisers pay different prices for different ads, the amount you earn will vary."

18. YouTube Multi-Channel Networks earned the bulk of their revenue in these early days of the industry by mass-signing content creators. The contracts these content creators signed, in most circumstances, paid the YouTube Multi-Channel Network 40% of the revenue generated by the content creator's videos.

19. Plaintiff Anderson and Defendant Jake Jones were among a small, specialized group of people working behind the scenes with Multi-Channel Network executives to snowball company cash flow by expanding recruitment teams and signing new content creators, bringing in tens of millions of new views to the network on a monthly basis.

20. There were no standards or thresholds enforced by YouTube at the time to ensure fair revenue distribution from Multi-Channel Networks to content creators that signed contracts they may not have been familiar with.

21. Some Multi-Channel Networks concocted plans to allow individuals to operate "sub-networks" under the MCNs supervision. This can best be described as a restaurant opening up multiple locations with the same menu, made with the same ingredients, under a different restaurant name. A diagram outlining the interrelationship described herein is found below.

---

[4] https://support.google.com/adsense/answer/6242051

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.



22. Plaintiff Anderson and Defendant Jake Jones climbed through the ranks at Network B to ultimately end up managing the entire sales team. Through their experience, Plaintiff Anderson and Defendant Jake Jones knew they were receiving the short end of the stick in terms of compensation at both networks they had been employed. The pair starkly realized that if all of

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

their recruitment efforts had been under their own MCN, they likely would have already retired as teenagers. The duo just needed to become their own MCN.

23. There was a long history of abuse in the MCN industry, and over the years YouTube has updated their systems and policies to weed out bad actors, greatly increasing the difficulty of becoming an MCN over time and causing many to fail. Being offered a business relationship in this industry by YouTube is a meticulous process that ultimately hinges upon what practical use case you have for the privileges granted as an MCN, whether or not you own any intellectual property, and an all-deciding vote held by a largely unknown team at YouTube combing over your business details.

24. MCNs aggregate a variety of YouTube channels under the umbrella of the MCN's Content Owner account on YouTube. This allows the MCN to monetize their clients' YouTube videos through the MCN's Google AdSense account attached to the YouTube Content Owner account. The MCN in turn becomes responsible for paying ad revenue earnings to its clients, after taking a share of the revenue for the network as determined by the client's contract.

25. MCNs also possess the ability to protect their clients' intellectual property via a system called "Content ID". For example, a musician could approach an MCN to digitally catalogue their newest album into the MCN's Content ID system. If any unauthorized account on YouTube uploaded music from the album, Content ID would be able to unilaterally decide, based on preset rules, whether to take the video off of YouTube or monetize the video by placing ads on it, without any direct intervention from YouTube needed.

26. This was a system that would not be granted by YouTube easily, so the Plaintiffs and Defendant Jones planned together to create a new service on YouTube which originated as

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

Talentsy LLC in the state of Florida, registered by Plaintiff Anderson. Talentsy LLC was a monthly subscription service aimed towards content creators on YouTube. Instead of the network taking a percentage of revenue from its clients like YouTube networks had always done, Talentsy LLC offered many unique and enticing perks, rivaling most long-standing YouTube networks, for only $7.99 per month.

27. Despite Talentsy being founded upon the basis of being a subscription service, this business model was simply Talentsy's plan to gain YouTube's attention and become a YouTube Certified Multi-Channel Network, which would greatly expand the scope of the company's business opportunities and earning potential via YouTube. The Plaintiffs were instrumental in creating this successful business plan for Talentsy.

28. The prospect of this business plan by Talentsy LLC was the reason Plaintiff Robinson was willing to value a product-less, customer-less company at $400,000 via his $20,000 seed investment in exchange for 5% equity. Plaintiff Robinson was not expecting to make profit on his investment from a share out of a $7.99 subscription plan. Instead, Plaintiff Robinson invested on the premise that if Talentsy LLC could succeed in becoming a YouTube Certified network, the company would eventually be able to earn a share of ad revenue from its clients, which would be extremely profitable, and only one potential source of revenue for an MCN.

29. Plaintiff Robinson's money and Plaintiff Anderson's sweat equity were instrumental in creating the company that YouTube approved to become an MCN. Plaintiffs did not agree to invest their time and money in Talentsy LLC for Defendant Jake Jones to procure a contract under an identically-named company for himself and his wife in order to not provide any return to the investor (Plaintiff Robinson) and co-founder (Plaintiff Anderson).

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

30.  When the company achieved its ultimate business goals of a partnership approval from YouTube, largely thanks to the respective efforts of the Plaintiffs, Defendant Jones reneged on his many promises and successfully excluded the Plaintiffs from the YouTube contract signing, and the tools provided by YouTube thereafter, in order to reap the financial benefits of complete ownership in the MCN between Defendant Jake Jones and his wife, Defendant Samai Jones.

31. This lawsuit seeks to require the Defendants to live up to their defaulted promises made to the Plaintiffs who relied upon the Defendants to fulfill their original agreements in equity distribution, officer distribution, and partnership in the company.

## THE PARTIES

32. Plaintiff Anderson is an individual residing in Lee County, Florida, who co-founded Talentsy from its inception and registered the original Florida LLC, Talentsy LLC.

33. Plaintiff Robinson is an individual residing in Dallas County, Texas, who invested the money that is the subject of this lawsuit with the understanding that the money would be invested in Talentsy LLC, a Florida limited liability company which operated in Fort Myers, Florida.

34. Plaintiff Talentsy LLC, is a Florida limited liability company based out of Fort Myers, Florida.

35. Defendant Jake Jones is an individual residing in Hubbard County, Minnesota. As outlined in this lawsuit, Defendant Jake Jones was a partial owner and member of Talentsy LLC, a Florida limited liability company.

36. Defendant Samai Phong Jones is an individual residing in Hubbard County, Minnesota. As outlined in this lawsuit, Defendant Samai Jones was a partial owner and member of Talentsy LLC, a Florida limited liability company.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

37. Talentsy, Inc. is a Delaware corporation which was founded upon the assets of Talentsy LLC, a Florida limited liability company.

## JURISDICTION AND VENUE

38.  This is an action for damages in excess of $75,000, exclusive of interest, attorneys' fees and costs.

39. This Court maintains jurisdiction over this matter pursuant to 28 U.S.C. Section 1332.

40. This Court maintains personal jurisdiction over the non-resident Defendants pursuant to Fla. Stat. Section 48.193. The Defendants, through their company Talentsy LLC, regularly operated, conducted, engaged in, and carried on a business or business venture in this state. Furthermore, the Defendants' wrongful conduct that is the subject of this case occurred against, and caused damages upon, Plaintiff Anderson in Florida.

41. Defendant Talentsy, Inc., at all times material hereto was engaged in solicitation or service activities within Florida and has engaged in substantial and not isolated activities within Florida.

42. All conditions precedent to this action, including those under Fla. Stat. 607.07401, have been performed, would be futile, or were waived

## FACTUAL ALLEGATIONS

### *Generally Applicable Facts*

43.      Defendant Jones and Plaintiff Anderson had cemented their intentions to create an MCN together years prior to Talentsy's creation. In documents from two of Plaintiff Anderson and Defendant Jones' failed attempts at becoming an MCN in 2015 and 2016, both are listed as executive members of the attempted MCNs "SocialStory" and "Source1".[5]

---

[5] Exhibits 1, 1.1

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

44.     On March 31st, 2017, Defendant Jake Jones solicited Plaintiff Anderson via text message to start a new company together, referred to as "Surge Digital" or "Talent Surge" as placeholder names.[6] Defendant Jake Jones was unhappy with his current MCN employment in California and wanted to attempt creating a third YouTube-oriented company together with Plaintiff Anderson. In this solicitation, Defendant Jake Jones asks Plaintiff Anderson, "Are you ready to be the CEO of a full flexed digital agency?"[7]

45.      On April 1st, 2017, Defendant Jake Jones asked Plaintiff Anderson "Are you in or not," to which Plaintiff Anderson confirmed by asking "Who do we contact first?"[8]

46.     The first steps to form the YouTube network that would be known as Talentsy were taken on April 4th, 2017. Defendant Jake Jones registered a Twitter handle and domain names for the company.[9] To further entice Plaintiff Anderson in this endeavor, Defendant Jake Jones exclaimed "You're hereby the Managing Director, and you don't even know it! Build the tracker, we're going to town!"[10]

47.     Defendant Jake Jones expressed his inability to set up and publish an adequate website on April 6th, 2017, and requested Plaintiff Anderson to "do that for Talentsy."[11] Defendant Jake Jones sent Plaintiff Anderson login details to a web hosting account for Plaintiff Anderson to begin his work.[12]

---

[6] Exhibit 2
[7] Exhibit 2.1
[8] Exhibit 3
[9] Exhibit 4
[10] Exhibit 4.1
[11] Exhibit 5
[12] Exhibit 5.1

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

48.     As part of his material role in creating and forming the Talentsy business, Plaintiff Anderson was tasked with creating the company website and marketing materials. Defendant Jones further displayed his positive sentiments towards Plaintiff Anderson's progress on the website on April 7th, 2017. Defendant Jake Jones continued to make requests for Plaintiff Anderson's lead role within the company's creation.[13]

49.     Defendant Jake Jones also requested for Plaintiff Anderson to put together tracking documents for Talentsy on April 8th, 2017. Defendant Jake Jones used pronouns such as "we" and "us" to construe the idea that Plaintiff Anderson and Defendant Jones were the owners and joint benefactors of the company.[14]

50.     On April 9th, 2017, Defendant Jake Jones mentioned potentially bringing in another co-founder and getting in office in Fort Myers, Florida, where Plaintiff Anderson lived. Plaintiff Anderson and Defendant Jake Jones proceeded to discuss the current list of objectives and timeline for Talentsy.[15] Defendant Jake Jones stated "All I know is the universe is aligning us for greatness."[16]

51.     On April 9th, 2017, Defendant Jake Jones likened himself and Plaintiff Anderson as joint, equal equity holders in their endeavor to start Talentsy. Defendant Jake Jones stated, "you and I are more so beside each other, so let's not count our shares and refer to those as just reserved."[17]

---

[13] Exhibits 6, 6.1
[14] Exhibit 7.1
[15] Exhibit 8.1
[16] Exhibit 8.2
[17] Exhibit 9

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

52.     On April 10th, 2017, Defendant Jake Jones made it clear he wanted Plaintiff Anderson's continued help building Talentsy from the ground up, with Defendant Jake Jones exclaiming "every second of your free time needs to go into talentsy today,"[18] At this time Defendant Jake Jones explicitly referred to Plaintiff Anderson as the "Co-Founder, President, & COO".[19]

53.     Defendant Jake Jones again reaffirmed that he and Plaintiff Anderson were partners in the company on April 11th, 2017, when Defendant Jake Jones stated " we can do this on our own if Ryan doesn't want in," and "I'd rather keep our shares non-diluted (sic)."[20]. The pair continued discussing company business,[21] when Defendant Jake Jones again brought up the idea of sending "some fake images of impersonations" in order to attempt to fraudulently influence social media employees to verify (with a verified checkmark) people's social media accounts. Plaintiff Anderson continued to ignore the idea.[22] Later in the night, Defendant Jake Jones once again refers to Plaintiff Anderson as "Chief Operating Officer."[23]

54.     On April 13th, 2017, Defendant Jake Jones realized the company email he registered was done so in his personal name, and asked Plaintiff Anderson to change the name attached to the e-mail address, professing "These can't go out from me,"[24] and "I can't have my name related to this yet."[25] This was because Defendant Jake Jones was having Plaintiff

---

[18] Exhibit 10
[19] Exhibit 10.1
[20] Exhibit 11
[21] Exhibits 11.1, 11.2
[22] Exhibit 11.3
[23] Exhibit 11.4
[24] Exhibit 12
[25] Exhibit 12.1

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

Anderson build a company for Defendant Jake Jones while Jake continued to work at an MCN that would be a future competitor.

55.     According to the Florida's Division of Corporations website, Talentsy LLC's Articles of Organization were filed by Plaintiff Anderson on April 17th, 2017. This was done with Defendant Jake Jones explicit knowledge and approval.[26]

56.     On April 23rd, 2017, Defendant Jake Jones sent a screenshot of the investor document with the Defendants' and Plaintiff Anderson's name, co-founder titled below within the document. Defendant Jake Jones professed how long the pair have worked together and waited to start a real funded company, when Defendant Jake Jones stated "You know we've waited a long time to see this sh*t on paper dude."[27]

57.     Defendant Jake Jones showed disinterest in giving Matt Hamed a high position in the company on April 25th, 2017. Defendant Jake Jones went on to state how he and Plaintiff Anderson "turned nothing into something" (the services offered by Talentsy as a product and a subsequent investment in the company), and that is why Defendant Jake Jones and Plaintiff Anderson were founders, not Matt.[28]

58.     On April 26th, 2017, Plaintiff Anderson attempted to square away the issue of how company equity should be divided when Plaintiff Anderson asked "What's the minimum amount of the company that both of us should hold?" Defendant Jake Jones responded with, "We have 93.3% right now and at least 3-6 months expenses covered. I don't know how we

---

[26] Exhibits 31, 31.1
[27] Exhibit 13
[28] Exhibit 14

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

should split it dude. I wish I could tell you. Let's just see what the video game attorney says or something," and "I haven't even thought about it yet."[29]

59.    On August 10th, 2017, Defendant Jake Jones informed Plaintiff Anderson that the Google agreement the pair had been working on for four months had finally arrived[30]. Plaintiff Anderson asked how Defendant Jake Jones would proceed with signing the agreement having not been named on Talentsy LLC as a result of Jake's continued employment with another MCM. Defendant Jake Jones lashed out at Plaintiff Anderson for asking questions[31]. Defendant Jake Jones contradicted himself calling the Google contract three different things[32], and implying it is personally for him, not a company. The last messages by Defendant Jake Jones in exhibit 17.2 read "This is it. We did it."

60.    On September 7th, 2017, Plaintiff Anderson took a screenshot of a YouTube webform Talentsy staff filled out before taking a YouTube certification exam[33]. This webform shows the company listed as Talentsy, Inc., which was pre-filled by YouTube based on information provided by Defendant Jake Jones, and explains Defendant Jake Jones' defensiveness displayed in the previous exchanges regarding the Google contract signing.

61.    Defendant Jake Jones presented Talentsy LLC's business model, website, and clients to Soham Patel at Google, meanwhile Defendant Jake Jones privately signed the Google contract himself under a different company registered by Defendant Samai Jones, Talentsy, Inc. Plaintiff Anderson called out Defendant Jones' lies, to which Defendant Jake

---

[29] Exhibit 15
[30] Exhibit 16
[31] Exhibit 17
[32] Exhibits 17, 17.1, 17.2
[33] Exhibit 18

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

Jones disregarded the major points of and proceeded to admit he pitched Talentsy to Soham and saw no problems with the partner agreement being under an incorporation only the Defendants had access to.[34] Defendant Jones also admitted he sent his personal details to Soham while the company was operating as Talentsy LLC.[35]

62.     On September 11th, 2017, Defendant Jake Jones shared how difficult the business is to run without Plaintiff Anderson[36], who was out of power and had intermittent service at the time due to Hurricane Irma.

63.     On September 19th, 2017, Defendant Jake Jones stated that he needed to "put a pin in having you at Talentsy"[37] to Plaintiff Anderson, a company Plaintiff Anderson was led to believe he shared an equal ownership interest in with Defendant Jake Jones.

64.     However, days later Defendant Jake Jones squeezed Plaintiff Anderson out of the company and took the newfound position that Plaintiff Anderson failed to maintain any ownership interest in Talentsy. On September 21st, 2017, in a conversation between Defendant Jake Jones and Non-Party Matt Hamed, Defendant Jake Jones stated "I just let go of Kyle" followed by "This will humble him."[38]

65.     On September 24th, 2017, Defendant Jake Jones took over the Stripe account attached to Plaintiff Anderson's name and social security number[39], providing further

---

[34] Exhibit 19
[35] Exhibit 20
[36] Exhibit 21
[37] Exhibit 22
[38] Exhibit 23
[39] Exhibit 24

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

evidence that Defendant Jake Jones was not actually interested in sharing any stake in the YouTube agreement with Plaintiff Anderson.

66.    Defendant Jake Jones pleaded with Plaintiff Anderson to hand over full control of all company assets on September 27th, 2017[40]. Defendant Jake Jones claimed Plaintiff Anderson "didn't even want to be here," despite Plaintiff Anderson's clear role in forming the company, with Defendant Jake Jones referencing a message from Plaintiff Anderson expressing discontent with the thought of acquiring office space so early in their venture. Defendant Jake Jones went on to inaccurately claim the pair both decided Kyle should leave Talentsy.

67.    Defendant Jake Jones later tried to get Plaintiff Anderson to dissolve the Florida LLC and turn everything over to Defendant Jake Jones.[41] Defendant Jake Jones continued to push for Plaintiff Anderson to dissolve the LLC[42] on September 28th, 2017. At that point, Defendant Jake Jones had no need for the original business, Talentsy LLC, as Defendant Jake Jones signed YouTube's contract through Talentsy, Inc. Further, Defendant Jake Jones ensured that the Talentsy LLC customers were sent new Talentsy, Inc. agreements before any executed sale agreement for the LLC.

68.    By December 23rd, 2019, Defendant Jake Jones sent an email to Talentsy staff reporting that the company made $6 million in gross revenue and $600,000 in profit solely in 2019. In this correspondence, Defendant Jake Jones attempted to tell a story that the Talentsy.com domain name purchased by Defendant Robinson was "highjacked after we

---

[40] Exhibit 25
[41] Exhibit 26
[42] Exhibits 27, 27.1, 27.2

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

were gifted it," and "several acts of embezzlement were committed against us from rogue employees,"[43] What Defendant Jake Jones did not state was that Defendant Jake Jones was the rogue employee, embezzling Plaintiff Robinson's investment money and leaving Plaintiff Robinson with nothing after Plaintiff Robinson began inquiring about a K-1 partnership IRS form.

69.     The Plaintiffs have received no distributions or other compensation for their equity or other interests in Talentsy. Plaintiff Anderson owns 47.5% of Talentsy and Plaintiff Robinson owns 5% of Talentsy. This has led to substantial monetary damages vastly exceeding this Court's jurisdictional threshold.

## COUNT I – BREACH OF FIDUCIARY DUTY AGAINST JAKE JONES

70.     Plaintiffs adopt and reallege each and every allegation in contained in paragraphs 1 through ___ as if specifically set forth herein.

71.     As an owner, officer, and director of Talentsy, Defendant Jake Jones owed the Plaintiffs fiduciary duties of loyalty and good faith.

72.     In breach of his fiduciary duties to Plaintiffs, Defendant Jake Jones appropriated Talentsy LLC's corporate opportunities for himself by wrongfully and illegally deeming Plaintiffs' equity interests in the company were non-existent and pursuing the corporate opportunities for himself through Talentsy, Inc.

73.     As a direct and proximate result of Defendant Jake Jones' breach of fiduciary duties, Plaintiffs were injured through loss of income and opportunities, including revenues generated through Talentsy, Inc.

---

[43] Exhibit 28

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Jake Jones: (a) awarding Plaintiff their actual and compensatory damages in amount to be determined, ordering Defendant Jake Jones to disgorge all salary, compensation and other benefits he received from Talentsy during the period of his breach, (c) pre and post judgment interest, and (d) for all such other relief that the Court deems just, including punitive damages.

## COUNT II – UNJUST ENRICHMENT AGAINST TALENTSY, INC.

74.    Plaintiffs adopt and reallege each and every allegation in contained in paragraphs 1 through ___ as if specifically set forth herein.

75.    As a result of Defendant Jake Jones' breaches of fiduciary duty to Plaintiffs as described above, Plaintiffs belief Talentsy, Inc. has benefited from the income generated as the result of usurping the corporate financial obligations to Plaintiffs.

76.    Defendant Jake Jones is an owner and operator of Talentsy, Inc., and therefore, is an agent of Talentsy, Inc.  As agents of Talentsy, Inc., Defendant Jake Jones' knowledge is imputed to Talentsy Inc. Talentsy Inc. knowingly accepted the benefit of Defendant Jake Jones' breaches of fiduciary duties to Plaintiffs.

77.    If Talentsy Inc. is allowed to retain the profits and distributions that would be owed to Plaintiffs, Talentsy Inc. will be unjustly enriched. As a result, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Talentsy, Inc.: (a) awarding Plaintiff their actual and compensatory damages in amount to be determined, ordering Defendant Jake Jones to disgorge all salary, compensation

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

and other benefits he received from Talentsy during the period of his breach, (c) pre and post judgment interest, and (d) for all such other relief that the Court deems just.

## COUNT III – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST JAKE JONES AND SAMAI JONES

78.     Plaintiffs adopt and reallege each and every allegation in contained in paragraphs 1 through ___ as if specifically set forth herein.

79.     At all times material hereto, Defendants Jake Jones and Samai Jones were officers and directors of Talentsy LLC, and subsequently Talentsy, Inc. As such, these Defendants owed a fiduciary duty to Plaintiffs to discharge their duties in good faith and to act with the utmost care and loyalty to the Talentsy companies and their shareholders, including Plaintiffs.

80.     Samai Jones was the individual who officially registered Talentsy, Inc., and it is believed she maintains an ownership interest in Talentsy Inc. at the present time.

81.     As fiduciaries, Jake Jones and Samai Jones were prohibited from acting in their own self-interest and placing themselves in a position where their own personal interests actually or potentially would come into conflict with the interests of the Talentsy companies or its shareholders.

82.     As set forth above, Defendants Jake Jones and Samai Jones breached their fiduciary obligations to the Talentsy companies and Plaintiffs by illegally and unilaterally claiming they maintained complete ownership and control over the companies to divert all profits of the companies to themselves.

83.     Defendants Jake Jones and Samai Jones actions in this respect were willful and with conscious disregard for the rights held by Plaintiffs.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

84.     As a direct and proximate result of Jake Jones and Samai Jones actions sued upon in this lawsuit, Plaintiffs have suffered compensatory damages.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Jake Jones and Samai Jones: (a) awarding Plaintiff their actual and compensatory damages in amount to be determined, ordering Defendant Jake Jones and Samai Jones to disgorge all salary, compensation and other benefits he received from Talentsy during the period of his breach, (c) pre and post judgment interest, and (d) for all such other relief that the Court deems just, including punitive damages.

## COUNT IV– DECLARATORY JUDGMENT AGAINST TALENTSY, INC.

85.     Plaintiffs adopt and reallege each and every allegation in contained in paragraphs 1 through ___ as if specifically set forth herein.

86.     This is an action by Plaintiffs for a declaratory judgment against Talentsy, Inc. under Florida Statutes Section 86.011, et. seq, to determine that Talentsy Inc. is a mere instrumentality, continuation and alter ego of Talentsy LLC, and Talentsy Inc. is liable for all debts and liabilities owed by Talentsy LLC, including the distributions that would be owed to Plaintiffs

87.     Alternatively, Plaintiffs seek a declaratory judgment that they maintain the same ownership interest in Talentsy Inc. which they maintained in Talentsy LLC.

88.     Plaintiffs are in doubt and uncertain as to their power, right, status or other legal or equitable relationship arising from Talentsy Inc.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

89.     By and through the Defendants actions detailed above, there is a real, present and ongoing controversy concerning the parties' rights, status and other legal or equitable relationship with Talentsy, Inc.

90.     Plaintiffs believe that Talentsy Inc. has been used as a mere instrumentality and continuation of Talentsy LLC and its valuable business operations and opportunities.

91.     This Court has the power to render relief based upon a declaration when necessary or proper, and if this application is sufficient, this Court should declare that Talentsy Inc., at all times material hereto, was utilized as a mere instrumentality and alter ego of Talentsy LLC.

92.     Furthermore, Plaintiffs are concerned that the Defendants, in anticipation of this lawsuit, transferred Talentsy Inc.'s YouTube partnership tools originally meant for Talentsy LLC to a separate entity called Enfinity, Inc. Specifically, the YouTube Creator Services Directory is an index of webpages on YouTube for different YouTube MCNs and other similar service providers, which can be thought of as the "Yellow Pages" for MCNs. Talentsy maintained a page on this directory branded as Talentsy. However, after a presuit demand was made upon Defendants, the Defendants had YouTube update the page branding and URL from Talentsy to Enfinity.

93.     Moreover, Defendant Jake Jones' LinkedIn page references that Talentsy is "dba (as) Enfinity.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.



94.     Consequently, Plaintiffs seek any declaratory ruling that is issued against Talentsy, Inc. be also issued against Enfinity, Inc. if discovery proves that the assets of Talentsy were transferred to Enfinity Inc.

95.     A declaration is necessary to determine whether Talentsy Inc. (or Enfinity Inc.) is a continuation of Talentsy LLC's business operations, and was utilized as a mere instrumentality and alter ego of Talentsy LLC, and is nothing more than just an extension of Talentsy LLC.

96.     As set forth above, Defendants Jake Jones and Samai Jones efforts to alienate and surpr Talentsy LLC's business operations, relationships and opportunities was doen for an unlawful and improper purpose, such as hindering and defrauding shareholders of Talentsy LLC.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

97.     Defendants Jake Jones and Samai Jones actions in this respect dominated and controlled Talentsy LLC and Talentsy Inc. in such a way that the companies were merely alter egos used for Jake Jones and Samai Jones' benefit.

98.     Talentsy Inc. is simply the continuation of Talentsy LLC's business which uses the same assets, relationships, employees and customers as hit had with Talentsy LLC.

99.     Plaintiffs are entitled to a declaration from this Court regarding the adverse and antagonistic interests of the Parties in this action. The relief sought herein is not merely for the giving of legal advice or answer to questions propounded from curiosity. Rather, it is necessary to resolve an actual, current, and justifiable controversy between Plaintiffs and Defendants.

100.    It is equitable for this Court to award Plaintiffs the reimbursement of their costs and expenses in this matter, including attorney fees, and such award is proper pursuant to Florida Statute Section 86.081.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Talentsy Inc.: (a) declaring that at all material times Talentsy Inc. is a mere continuation of Talentsy LLC, (b) declaring that at all material times Talentsy Inc. is a mere instrumentality and alter ego of Talentsy LLC, (c) that Talentsy Inc. is liable for all the debts and liabilities owed to Talentsy LLC, including distributions to Plaintiffs, (d) determining that the assets titled in the name of Talentsy Inc. belong to Talentsy LLC, (e) awarding Plaintiffs fees and costs in accordance with applicable law, (f) that, upon declaration, the Court provide supplemental relief to Plaintiffs pursuant to Fla. Stat. Section 86.061, and (g) for such other relief as this Court may deem just, equitable and proper, including the same relief sought herein against Enfinity Inc.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Case No.

## TRIAL BY JURY

Plaintiffs demand a trial by jury on all counts so triable, and Plaintiffs reserve their right to name Enfinity Inc. as a party to this action depending on information disclosed in discovery.

Dated: October 1, 2021

COLE, SCOTT & KISSANE, P.A.
*Counsel for Plaintiffs KYLE ANDERSON,*
*MICHAEL ROBINSON, TALENTSY LLC*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Facsimile (305) 373-2294
Primary e-mail: cody.german@csklegal.com
Secondary e-mail: alec.shelowitz@csklegal.com

By:    s/ *John Cody German*
JOHN CODY GERMAN
Florida Bar No.:  58654

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX