UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KYLE ANDERSON, MICHAEL
ROBINSON, and TALENTSY LLC,

      Plaintiffs,

v.                                    Case No:  2:21-cv-724-JLB-MRM

TALENTSY, INC., JAKE
WILLIAM JONES, and SAMAI
PHONG JONES,

      Defendants.
_____/

# ORDER[1]

Defendants Talentsy, Inc., Jake William Jones, and Samai Phong Jones move to dismiss (Doc. 19) the complaint of Plaintiffs Kyle Anderson, Michael Robinson, and Talentsy LLC (Doc. 1). Defendants contend dismissal is necessary because the Court lacks personal jurisdiction over them. Alternatively, Defendants argue the Court should dismiss the Complaint because it fails to state a claim upon which relief may be granted. Plaintiffs oppose the motion. (Doc. 26.)

After careful review of the parties' pleadings and filings, the Court concludes that it lacks personal jurisdiction over Defendants. Accordingly, Defendants'

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

motion is **GRANTED**, and Plaintiffs' claims are **DISMISSED without prejudice** to Plaintiffs re-filing in a forum where personal jurisdiction exists.

## BACKGROUND

This case is about an internet content business partnership gone wrong. Plaintiffs allege they partnered with Jake Jones ("Mr. Jones") to create and grow a business called Talentsy LLC (a Florida limited liability company), to become a Multi-Channel Network on YouTube that would scout, recruit, and "sign" individual content creators, bring new views to the platform, and reap a percentage of the consequent ad revenue.  (Doc. 1 at ¶¶ 2, 5, 6, 19, 24, 26, 27.)

But when it came time to execute the deal with YouTube, Mr. Jones allegedly cut Plaintiffs out and switched the company name on the contract from "Talentsy LLC" to "Talentsy, Inc.," a Delaware corporation.  (Doc. 1 at ¶¶ 2, 7, 37, 61, 67.)

Plaintiffs' four-count Complaint alleges Breach of Fiduciary Duty against Mr. Jones (Count I), Unjust Enrichment against Talentsy, Inc. (Count II), and Aiding and Abetting Breach of Fiduciary Duty against Mr. Jones and Samai Jones (Mrs. Jones), who are married, (Count III).  In Count IV, Plaintiffs seek a declaratory judgment against Talentsy, Inc.

Defendants challenge the Complaint both for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 19.)  Because "[a] court without personal jurisdiction is powerless to take further action," Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) (per

curiam), the Court will first consider Defendants' personal jurisdiction argument.

## STANDARD OF REVIEW

When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in the complaint as true, "to the extent they are uncontroverted by defendant's affidavits or deposition testimony." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). If the evidence conflicts, the court must draw all reasonable inferences in favor of the plaintiff. Id. When "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal quotation marks and citations omitted).

## DISCUSSION

Determining whether a court may exercise personal jurisdiction over a non-resident defendant involves a two-part inquiry. Id. First, the court must determine whether the state's long-arm statute confers jurisdiction over the defendant. Id. Next, the court must determine whether exercising jurisdiction satisfies due process under the Fourteenth Amendment. Id.

The reach of Florida's long-arm statute is a question of Florida state law, and this Court must adhere to decisions of the Florida Supreme Court and Florida's District Courts of Appeal. Id. But if the Florida Supreme Court is silent and Florida's District Courts of Appeal are split, this Court may defer to the Eleventh Circuit's view. See Posner, 178 F.3d at 1216–17.

Due process requires a non-resident defendant to have "certain minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). "[F]ederal courts are duty bound to avoid a constitutional question if answering the question is unnecessary to the adjudication of the claims at hand." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 807 (11th Cir. 2010). Accordingly, the Court will begin its jurisdictional analysis with application of Florida's long-arm statute to Defendants.

### Florida's Long-Arm Statute

Florida's long-arm statute provides for both specific and general jurisdiction. Guarino v. Mandel, 327 So. 3d 853, 861 (Fla. 4th DCA 2021). "Specific jurisdiction requires a showing that the alleged activities or actions of the defendant are directly connected to the forum state." Id. (citation and internal quotation marks omitted). "General jurisdiction, on the other hand, requires a showing that the defendant's connections with the forum state are so substantial that it is unnecessary to establish a relationship between this state and the alleged wrongful actions." Id. (citations and internal quotation marks omitted).

Because Plaintiffs have not shown that Defendants' connections with Florida are substantial enough to establish general jurisdiction,[2] the Court will consider

---

[2] Although Plaintiffs explain that Florida's long-arm statute provides for both general and specific jurisdiction, they focus their argument on specific jurisdiction through

4

whether the Complaint's allegations show that Defendants' actions are directly connected to Florida and therefore establish specific jurisdiction. The portion of Florida's long-arm statute relevant to that analysis provides:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . .
> 2. Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a)(2).

The Court must first determine whether the long-arm statute applies. "[A] motion to dismiss a tort claim for lack of personal jurisdiction under Florida's Long-Arm Statute does not require a full-scale inquiry into whether the defendant committed a tort." Brennan v. Roman Cath. Diocese of Syracuse N.Y., Inc., 322 F. App'x 852, 855 (11th Cir. 2009) (per curiam). But the Court must determine "whether the allegations of the complaint state a cause of action." PVC Windoors, Inc., 598 F.3d at 808 (citations omitted). Accordingly, the Court will first evaluate the Complaint's allegations to determine whether they state causes of action for breach of fiduciary duty, unjust enrichment, and aiding and abetting breach of fiduciary duty.

---

the tortious act provision of the long-arm statute, section 48.193(1)(a)(2). (Doc. 26 at 4–8.)

5

### 1. Breach of Fiduciary Duty

"The elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002).

Plaintiffs allege Mr. Jones was an owner, officer, and director of Talentsy LLC and owed Plaintiffs fiduciary duties of loyalty and good faith. (Doc. 1 at ¶ 71.) Mr. Jones allegedly breached those duties by diverting corporate opportunities from Plaintiffs and pursuing them himself, and "deeming Plaintiffs' equity interests in the company . . . non-existent." (Id. at ¶ 72.) Finally, as a direct and proximate result of those breaches, Plaintiffs allege they lost opportunities and revenue. (Id. at ¶ 73.)

These factual allegations state a cause of action for breach of fiduciary duty. See Taubenfeld v. Lasko, 324 So. 3d 529, 539–40 (Fla. 4th DCA 2021) (complaint stated a cause of action for breach of fiduciary duty where it alleged corporate officer owed a fiduciary duty to corporation, breached that duty by diverting business relationships and revenue, and caused the corporation's assets to be dissipated). The Eleventh Circuit instructs courts to construe the tortious act provision of the Florida long-arm statute broadly and to apply it "to defendants committing tortious acts outside the state that cause injury in Florida." Posner, 178 F.3d at 1216–17 (applying then Fla. Stat. § 48.193(1)(b)).

Plaintiffs Kyle Anderson and Talentsy LLC were injured in Florida by Mr. Jones's alleged tortious conduct. Given the Eleventh Circuit's broad application of the tortious act provision, Florida's long-arm statute applies to Mr. Jones.

### 2. Unjust Enrichment

"The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 693 (Fla. 3d DCA 2018) (citations and quotation marks omitted). And as to the first element, the Supreme Court of Florida has explained that "the plaintiff must directly confer a benefit to the defendant." Kopel v. Kopel, 229 So. 3d 812, 818 (Fla. 2017) (emphasis added and citation omitted).

In Count II, Plaintiffs allege that Talentsy, Inc. has benefited from the income generated from Mr. Jones's breach of fiduciary duty (Doc. 1 at ¶ 75), that the knowledge of Talentsy, Inc.'s agent (Mr. Jones) can be imputed to it, such that it knowingly accepted the benefit of Mr. Jones's breach (id. at ¶ 76), and that Talentsy, Inc. would be unjustly enriched—and Plaintiffs damaged—if Talentsy, Inc. retained that benefit (id. at ¶ 77).

Plaintiffs' allegations do not establish that they have conferred a benefit directly on Talentsy, Inc., which is an essential element for unjust enrichment

7

under Florida law. See Johnson, 687 F. App'x at 830 (benefit conferred through a third party is indirect and does not satisfy the first element of an unjust enrichment claim). Plaintiffs have failed to state a cause of action for unjust enrichment against Talentsy, Inc. As a result, Talentsy, Inc., is not subject to Florida's long-arm statute, and Count II is dismissed.

### 3. Aiding and Abetting Breach of Fiduciary Duty[3]

A plaintiff alleging aiding and abetting the breach of a fiduciary duty must plead facts establishing: "1) a fiduciary duty on the part of a primary wrongdoer; 2) a breach of that fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing." Taubenfeld, 324 So. 3d at 540–41 (citation and quotation marks omitted).

Because Plaintiffs have sufficiently alleged Mr. Jones's breach of fiduciary duty, the Court will consider whether the Complaint includes factual allegations sufficient to establish Mrs. Jones's knowledge of her husband's breach and her substantial assistance or encouragement of that breach.

Plaintiffs' allegations about Mrs. Jones are scant. Indeed, there are only a handful of concrete factual allegations: she was an officer and director of Talentsy LLC (Doc. 1 at ¶ 79), she registered Talentsy, Inc. (id. at ¶¶ 61, 80), and she benefits

---

[3] Count III alleges Aiding and Abetting Breach of Fiduciary Duty against both Jake and Samai Jones. Because the Court has already determined Florida's long-arm statute applies to Mr. Jones, it will address allegations about only Mrs. Jones while analyzing this claim.

financially from her ownership of Talentsy, Inc. (id. at ¶ 30).  But there are no factual allegations about her interaction with YouTube or her involvement in Mr. Jones's purported diverting of corporate opportunities.  Notably absent are factual allegations that Mrs. Jones knew of Mr. Jones's breach of fiduciary duty.

Instead, Mrs. Jones's knowledge of her husband's scheme seems implied, and any statements that arguably suggest her involvement in her husband's activities are generalized and conclusory.  For example, Plaintiffs allege that she breached her fiduciary obligations to Plaintiffs "by illegally and unilaterally claiming [she and her husband, Mr. Jones] maintained complete ownership and control over [Talentsy LLC] to divert all profits of the compan[y] to themselves."  (Doc. 1 at ¶ 82.)  But this allegation is simply a conclusory statement without factual support, for which there is none pleaded.

Implications, legal conclusions, or allegations that Mrs. Jones "should have known" of any breach are not enough.  See, e.g., Honig v. Kornfeld, 339 F. Supp. 3d 1323, 1343–45 (S.D. Fla. 2018).  The Complaint's allegations do not state a cause of action for aiding and abetting a breach of fiduciary duty in Florida, nor do they trigger the tortious act provision of Florida's long-arm statute.  The personal jurisdiction analysis ends here for Mrs. Jones, and the claim against her is dismissed.

### Due Process

Having found Florida's long-arm statute applies to Mr. Jones, the Court now turns its attention to "whether the exercise of jurisdiction comports with due

process" under the Fourteenth Amendment. SEC v. Marin, 982 F.3d 1341, 1349 (11th Cir. 2020). Under the Due Process Clause, the defendant's contacts with the forum state must be such that "maintenance of the suit" in that forum "does not offend traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316–17 (citations and quotation marks omitted). "[T]he defendant's relationship to the forum State" is the primary focus of this inquiry. Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S. Ct. 1773, 1779 (2017).

To determine whether exercising specific personal jurisdiction is appropriate under the due process clause, courts examine:

> (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." Id. (citation and internal quotation marks omitted).

### 1. Relatedness

First, the Court considers whether Plaintiffs' claims "arise out of or relate to [Mr. Jones's] contacts with the forum." See Bristol-Myers, 137 S. Ct. at 1780 (alterations and quotation marks omitted). The Court's inquiry focuses "on the

direct causal relationship between the defendant, the forum, and the litigation." Louis Vuitton, 736 F.3d at 1355–56 (citation and quotation marks omitted).

Plaintiffs allege that Mr. Jones intentionally breached his fiduciary duties by appropriating corporate opportunities from Talentsy LLC and pursuing them with Talentsy, Inc.  (Doc. 1 at ¶¶ 71–73.)  That intentional act directly caused Plaintiffs' claims, and "[a]t least in the case of intentional torts, such claim-causing contact is sufficient to satisfy the [relatedness] prong." See Mighty Men of God, Inc. v. World Outreach Church of Murfreesboro Tenn., Inc., 102 F. Supp. 3d 1264, 1272 (M.D. Fla. 2015) (citing Commodores Entm't Corp. v. McClary, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 1242818, at *3 (M.D. Fla. Mar. 18, 2015)) (discussing relatedness and concluding forum-based injury suffices as the claim-causing contact); see also Gazelles FL, Inc. v. Cupp, 6:18-cv-544-Orl-22KRS, 2018 WL 7364591, at *10 (M.D. Fla. Sept. 26, 2018) (explaining plaintiff suffered injury in Florida because of defendants' alleged intentional torts and concluding this contact would satisfy the relatedness prong) (citing Mighty Men of God, 102 F. Supp. 3d at 1272).

Plaintiffs' alleged Florida-based injury, caused by Mr. Jones's purported intentional tortious conduct, is a contact with this forum sufficient to satisfy the relatedness prong.  But the analysis does not end there.

### 2. Purposeful Availment

Second, the Court also considers whether Mr. Jones has taken some act by which he purposely availed himself of the privilege of conducting activities within

11

Florida. When intentional torts are alleged,[4] the Eleventh Circuit applies the "effects" test and considers whether the defendant has "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 n.28 (11th Cir. 2009) (citations omitted). Under the effects test, a single tortious act can establish purposeful availment even if the defendant has no other contacts with the forum state. Licciardello v. Lovelady, 544 F.3d 1280, 1285 (11th Cir. 2008).

But the "effects" test does not negate the principle that it is "insufficient to rely on a defendant's 'random, fortuitous, or attenuated contacts' or on the 'unilateral activity' of a plaintiff" when considering the defendant's relationship with the forum. See Walden v. Fiore, 571 U.S. 277, 286 (2014). Rather, courts must be mindful that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id. at 290. Stated simply, "mere injury to a forum resident is not a sufficient connection to the forum." Id.

Plaintiffs allege Mr. Jones breached his fiduciary duty to Talentsy LLC. This is an intentional tort, see Davis v. Monahan, 832 So. 2d 708, 711 (Fla. 2002), and Plaintiffs have met the first requirement.

---

[4] The Eleventh Circuit uses two different tests to evaluate purposeful availment in intentional tort cases: the "effects" test, and the traditional purposeful availment test. Louis Vuitton, 736 F.3d at 1356. Because Plaintiffs rely on the "effects" test (Doc. 26 at 10–11), the Court will employ it here.

Next, Plaintiffs contend, without elaboration, that Mr. Jones's breach was "aimed at the State of Florida." (Doc. 26 at 11.) But setting this bald assertion aside, the parties' pleadings, filings, and affidavits establish that Mr. Jones's relationship with Anderson was the only substantial connection among Mr. Jones, Florida, and this litigation.

Mr. Jones is a resident of Minnesota, not Florida, and he has not advertised or sold any products in Florida or to Florida customers, accepted payments from Florida customers, or submitted to the jurisdiction of Florida courts.[5] (Doc. 19-1 at 3–6, ¶¶ 3, 26–31.) He also declares that he has not operated, conducted, engaged in, or carried on a business venture in Florida. (Id. at 5, ¶ 27.)

Plaintiffs allege, and the exhibits attached to their Complaint establish, that Mr. Jones communicated extensively into Florida with Anderson to form Talentsy LLC. And, in their response, Plaintiffs seem to assert that Mr. Jones's alleged usurping of corporate opportunities from Talentsy LLC and his communications with Anderson are enough to subject Mr. Jones to this Court's jurisdiction. (Doc. 26 at 6–7, 9–11.)

But "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." Walden, 571 U.S. at 285. The analysis looks to "the defendant's contacts with the

---

[5] Plaintiffs submitted Kyle Anderson's affidavit in support of its response in opposition to Defendants' motion (Doc. 26-1), but it does not expressly refute any relevant portion of Mr. Jones's affidavit.

13

forum State itself, not the defendant's contacts with persons who reside there." Id. And though "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties[,] . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." Id. at 286.

Here, although Anderson may have received Mr. Jones's communications in Florida, Mr. Jones's conduct—sending communications, courting YouTube employees, and contracting on behalf of Talentsy, Inc.—occurred outside of Florida. Specifically, the acts that allegedly injured Plaintiffs and gave rise to their tort claims occurred in Delaware (forming Talentsy, Inc.) and California (signing the contract on behalf of Talentsy, Inc.). (Doc. 1 at ¶¶ 2, 37; Doc. 19 at 5, 11; Doc. 19-1 at ¶ 33). Mr. Jones's relevant conduct occurred elsewhere, and the fact that his conduct affected Plaintiffs in Florida does not suffice to authorize jurisdiction.[6] See Walden, 571 U.S. at 291. Had Anderson lived in Alabama or Wyoming during this period, his injury would have occurred there, and were Plaintiffs' argument to carry the day, Mr. Jones would be subject to the jurisdiction of those states. That cannot be the case.

As it stands, Anderson's residency is the only connection between Mr. Jones and the state of Florida. Plaintiffs have not established that Mr. Jones purposefully availed himself of the state of Florida under the effects test, and as such, they have

---

[6] Even if the long-arm statute did apply to Mrs. Jones and Talentsy, Inc., the same due process considerations that make personal jurisdiction inappropriate as to Mr. Jones would apply with equal force to the other two defendants.

14

not established a prima facie case for personal jurisdiction. It is therefore unnecessary to determine whether Defendants have made a compelling case that exercising jurisdiction would violate traditional notions of fair play and substantial justice. See Louis Vuitton, 736 F.3d at 1355.

## DISMISSAL WITHOUT PREJUDICE

Plaintiffs have not moved for leave to amend the complaint, but in their response opposing Defendants' motion, they request leave to amend "to bring claims of tortious interference and fraud against Defendant, Talentsy, Inc., such that Florida's Long-Arm Statute is satisfied." (Doc. 26 at 1–2.)

Federal Rule of Civil Procedure 7(b) requires that any "request for a court order must be made by motion" which must be in writing, state the grounds for the order, and state the desired relief. A request for leave to file an amended complaint simply imbedded in an opposition memorandum does not properly raise the issue. Posner, 178 F.3d at 1222. And Plaintiffs did not articulate new factual allegations that, if added, would have conferred jurisdiction.

Because this Court lacks personal jurisdiction over Defendants, Plaintiffs cannot pursue this action here, but this holding does not prevent further litigation of these claims in an appropriate forum. See id. at 1221. Plaintiffs may pursue their claims where personal jurisdiction over Defendants does exist. To be sure, this Court is dismissing this case without prejudice should Plaintiffs choose to pursue this claim in another forum.

## CONCLUSION

For these reasons, Defendants' Motion to Dismiss (Doc. 19) is **GRANTED**, and this case is **DISMISSED without prejudice**.  The Clerk is **DIRECTED** to terminate all pending deadlines and close this case.

**ORDERED** in Fort Myers, Florida this 4th day of April, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record